UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BABKIR OMDA AHAMED HASHEM, an individual; and GEBRIL MUSAGEBRIL SHAMO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RYDER TRUCK RENTAL, INC.; and ATLAS TRANSPORTATION LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT (DOC. NO. 27)**<br><br>Case No. 2:24-cv-00770<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Babkir Hashem and Gebril Shamo brought this action against Atlas Transportation LLC and Ryder Truck Rental, Inc. for negligence, after sustaining injuries in a trucking accident.[1] Mr. Hashem and Mr. Shamo were commercial truck drivers for Atlas, operating a semi-truck Atlas rented from Ryder—that malfunctioned.[2] Ryder moves to file a third-party complaint against Atlas's insurance company, National Specialty Insurance Company, for breach of contract, equitable contribution and subrogation, and declaratory judgment.[3] Ryder asserts it is an additional insured under Atlas's automobile liability coverage agreement with National, which affords Ryder

---

[1] (Am. Compl., Doc. No. 6.)

[2] (*Id.* ¶ 6–15.)

[3] (Mot. for Leave to file Third-Party Compl. (Mot.) 3, Doc. No. 27; Ex. 1 to Mot., Prop. Third Party Compl. ¶¶ 18–21, 53–77, Doc. No. 27-1.)

"insured status and primary defense and indemnity coverage" for the accident and this lawsuit.[4] National has allegedly ignored Ryder's demand to defend and indemnify it in this action.[5] No party has opposed Ryder's motion, which seeks to implead National under Rule 14(a)(1) of the Federal Rules of Civil Procedure.[6] Ryder's motion is granted.

Rule 14 permits a defending party to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[7] Rule 14's purpose is "to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits."[8] The rule "should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation."[9] It "is typically invoked in two scenarios: (1) where a tortfeasor is seeking contribution from a joint tortfeasor, and (2) where an insured is pursuing indemnification."[10] Although not limited to those two scenarios, claims may be asserted under Rule 14(a)(1) "only when the third party's

---

[4] (Mot. 2–3, Doc. No. 27 (citing Ex. 1 to Mot., Prop. Third Party Compl. ¶¶ 7–21, Doc. No. 27-1).)

[5] (*Id.* at 4–5 (citing Ex. 1 to Mot., Prop. Third Party Compl. ¶¶ 46–47, Doc. No. 27-1).)

[6] (*Id.* at 1.)

[7] Fed. R. Civ. P. 14(a)(1).

[8] *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954).

[9] *U.S. Fidelity & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968).

[10] *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003).

liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant."[11] That is, the defendant's third-party claim "cannot simply be a related claim or one arising against the same general background, but must be based on the plaintiff's claim of liability against the original defendant."[12]

     Ryder's unopposed motion satisfies Rule 14. The third-party claims are derivative of Mr. Hashem and Mr. Shamo's claims. Ryder alleges it is an additional insured under Atlas's policy with National and, as such, National must defend and indemnify Ryder for the accident and claims in this lawsuit. National apparently disagrees and refuses to do so. This motion reflects a paradigmatic scenario for Rule 14 impleader.[13] The motion also serves Rule 14's purpose, as impleading National would allow resolving liability, damages, and indemnification issues arising out of the same accident in one proceeding. And determining whether National must

---

[11] *Li v. Lewis*, No. 1:20-cv-12, 2020 U.S. Dist. LEXIS 86223, at *8 (D. Utah May 15, 2020) (unpublished) (citation omitted); 6 *Wright & Miller's Fed. Practice & Procedure* § 1446 (3d ed. 2025).

[12] *Li*, 2020 U.S. Dist. LEXIS 86223, at *8–9 (quoting *Bethany Med. Center v. Harder*, 641 F. Supp. 214, 217 (D. Kan. 1986); *see also King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 n.1 (10th Cir. 1990) (explaining "the third-party claim must be derivative of the original claim").

[13] *See* 6 *Wright & Miller's Federal Practice & Procedure* § 1449 (3d ed. 2025) ("When the insurer disclaims liability and refuses to defend on behalf of the insured, the federal courts uniformly recognize the propriety of impleader."); *see, e.g.*, *Gov't Emp. Ins. Co. v. United States*, 400 F.2d 172, 174 (10th Cir. 1968) (explaining the defendant had the right to implead the plaintiff's insurance company as a third-party defendant under Rule 14 where the defendant claimed it was an additional insured under the plaintiff's policy and the insurance company denied coverage).

defend and indemnify Ryder as an additional insured under Atlas's policy would not significantly expand the scope of this case or prejudice Mr. Hashem and Mr. Shamo.[14]

Accordingly, the motion[15] is granted. Ryder must file the proposed third-party complaint within fourteen days.

DATED this 10th day of October, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[14] *See Am. Int'l Ins. Co. v. Cent. Sprinkler Co.*, No. 09-cv-02098, 2010 U.S. Dist. LEXIS 43613, at *2 (D. Colo. Mar. 31, 2010) (unpublished) ("A timely motion for leave to implead a third party should be freely granted unless doing so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." (citation omitted)).

[15] (Doc. No. 27.)